## SUPREME COURT.

GEORGE TAYLOR agt. ELIZABETH GLENNY and GEO. GLENNY.

Where a *married woman* has a lease of real property for a term of years executed to her, the lease and the term thereby granted become her *separate estate*.

And although she is not bound *personally*, so as to create a cause of action for the recovery of money against her by the *covenants* in the lease on her part, yet the use and occupation of the premises by her creates a charge upon her separate estate for the rent, on the ground that the charge grows out of the beneficial nature of the contract to her individually.

It is not necessary to make the *husband* a party in such an action against the wife.

*New York Special Term, November,* 1861.

DEMURRER by defendants to the complaint in this action.

N. STRATTON, *for defendants.*

JOHN O. ROBINSON, *for plaintiff.*

LEONARD, Justice.  The defendants demur generally to the complaint in this action.

An estate in land vested in Mrs. Glenny for a term of years upon the execution of the lease mentioned in the complaint.  The lease and the term thereby granted was her separate estate, which, under the statute of 1849, in relation to married women, she held as a *feme sole.* The consideration or rent to be paid was for a purpose beneficial to herself : it was for the shelter of herself and family, and she occupied and used the premises so leased to her.

Admitting that Mrs. Glenny is not bound personally, so as to create a cause of action for the recovery of money against her, by the covenants in the lease on her part, she has nevertheless used and occupied the premises of her landlord, the plaintiff, for the benefit of herself and family ; and this occupation and use were obtained on the credit of her separate estate, and on her agreement that the rent should be charged on such estate.

I do not think, however, that Mrs. Glenny charged her separate estate by a parol agreement that it should be charged for the rent reserved in the lease. The charge upon her estate grows out of the beneficial nature of the contract to her individually. (*Yale* agt. *Dederer*, 18 *N. Y. R.*, 263; *same case*, 22 *N. Y. R.*, 450.) The consideration of the contract was for her own direct benefit.

There is no necessity for making the husband a party; the wife may sue and be sued as a single woman.

The demurrer is overruled as to Mrs. Glenny, and allowed as to George Glenny, with leave to Mrs. Glenny to answer in twenty days.

The costs of the plaintiff, as to Mrs. Glenny, abide the event of the action; without costs as to George Glenny, as no personal claim was made against him, and he could have sustained no prejudice if he had omitted to defend.